Glenn E. CHILDS, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A-12698.

Court of Criminal Appeals of Oklahoma

April 8, 1959.

As Corrected May 20, 1959.

Wayne Wheeling, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, Glenn E. Childs, hereinafter referred to as defendant, was charged by information filed in the district court of Oklahoma County with the crime of burglary in the second degree, and was found guilty by a jury. The jury being unable to agree upon the punishment to be assessed, left that to the court, who fixed the penalty at six years confinement in the State Penitentiary at McAlester.

Defendant having sworn before the trial judge that he had no funds and no means of obtaining any, Oklahoma County furnished the record of the case, and the same was filed in this court without costs, by permission.

Trial attorney for defendant prepared petition in error in the within case, but did not file a brief. Nevertheless, we have carefully read the entire record, including the instructions given the jury by the court, and the proceedings on motion for new trial.

The evidence discloses that on the night of February 26, 1958 a place of business known as the Hamburger Queen, located at 3042 Southwest Twenty-ninth Street, in Oklahoma City, was forcibly entered and the cigarette machine broken open, and a nickel machine pried open with the money gone from each, estimated by the owner to be between $18 and $22 in nickels, dimes and quarters.

Police officers soon discovered that the Hamburger Queen had been entered and observed a green Pontiac automobile with Texas license in the vicinity, and they broadcast the description. Officers B. E. LeMay and Blair received the call and saw the 1948 Pontiac being driven west on Twenty-ninth Street, in about the 3000 block, and the officers turned their car around to check the license tag, whereupon the Pontiac was driven away at a high rate of speed, thus a misdemeanor was committed in the presence of the officer, and they pursued the Pontiac and finally the Pontiac was stopped at Twenty-seventh Street and May Boulevard, where the driver drove into a private driveway and turned off his car lights. The car was being driven by the defendant, and one Jack Lester Warner was a passenger.

When the officers arrested the defendant and his companion they found $20.20 in change tied up in a towel.

Officer LeMay testified that in a conversation with defendant Childs, after the arrest: "He told me that they had been to a beer tavern earlier, drinking, and that he had drove the car and parked and sat and stayed in the car and Warner had pulled the burglary and that he didn't

know anything about the burglary at the time."

Officer J. W. Casady testified that he talked with defendant about the burglary. Said he:

"A. The subject had been placed in jail for burglary in the second degree of the Hamburger Queen located at 3043 Southwest 29th Street. It occurred on the morning 2–26–58, by he and another defendant, and I asked him about what did he do about this burglary, and he stated that he and his friend had come in from Amarillo, Texas, leaving Amarillo on the evening of the 2–25–58, and had arrived in Oklahoma City shortly after midnight on the morning of the 26th and they did not have too much money, and his friend decided to commit a burglary and get some money. He was driving the car and he pulled up in front of the Hamburger Queen; the place was burglarized. His friend got out of the automobile and went in and forced the door and entered this place of business and he stayed in the car. He came back after committing the burglary, got in the automobile and they had just left the place and gone a short distance when his friend told him a scout car was following—a police department car was following him and said to get out of there and get away and he took out to elude the officers and drove at a high rate of speed until they finally hemmed him in.

"Q. Did he or did he not tell you anything about any money was in the automobile? A. He said that the money in the automobile at the time of the arrest was money that had been taken in the burglary.

"Q. Did he or did he not tell you anything with reference to the screwdriver or other equipment in the automobile? A. He said his friend broke in with the screwdriver. Took it and pried the door."

There was other evidence on behalf of the State, but the above was ample to support the verdict of the jury and the judgment of the court.

The defendant did not testify, and offered no evidence.

At the time of the hearing of motion for new trial, defendant complained that his lawyer did not defend him like he should, but the trial court stated that his counsel had vigorously defended him, and we find that the record so indicates. Defendant admitted that he advised his counsel that he did not want to testify by reason of his past record for criminal convictions. The court had a right to consider defendant's past record in fixing the penalty. Defendant had served time in both the Oklahoma and Texas penitentiaries for forgery. The court in fixing the punishment said:

"I will sentence you to the state penitentiary at McAlester, Oklahoma for a period of seven years. I don't feel disposed to give you the maximum because the jury didn't feel disposed to give it to you. If they had, they would have given it to you.

"Mr. Mounger [assistant county attorney]: They didn't have the benefit of his record, either.

"The Court: No, they didn't, and I'm not going to give you the maximum. You say you want to appeal. Do you want Mr. Wheeling to appeal for you?"

As noted, defendant was not charged with first degree burglary, involving a dwelling house, covered by 21 O.S.1951 § 1431, but was charged with second degree burglary, covered by 21 O.S.1951 § 1435, reading:

"Burglary in the second degree. * * * Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit

any felony, is guilty of burglary in the second degree."

The punishment for burglary is set out in § 1436 of the same Title, as follows:

"Burglary is punishable by imprisonment in the penitentiary as follows:

"1. Burglary in the first degree for any term not less than seven years nor more than twenty years.

"2. Burglary in the second degree not exceeding seven years, and not less than two years."

Notwithstanding the statement made by the court, hereinbefore quoted that, "I will sentence you to the State Penitentiary at McAlester, Oklahoma for a period of *seven* years", in pronouncing sentence on the defendant, the Judge stated: "That the said Glenn E. Childs be committed to and be imprisoned in the State Penitentiary at McAlester in the State of Oklahoma and confined in said Penitentiary for a term of SIX (6) years", etc. This Court feels that under the circumstances, justice would be served by reducing the penalty from six (6) years to five (5) years [1] in the penitentiary, and the judgment as so modified is affirmed.

NIX and BRETT, JJ., concur.

1. See Pierce v. State, 97 Okl.Cr. 402, 265 P.2d 737.